JOSEPH H. BROWN v. H. M. DOUBLEDAY, APT.

### Evidence. Experts.

Expert testimony is not admissible to show the shrinkage in measurement of hemlock bark as measured in the pile, and afterwards in the car, that being a matter of which the jury can judge from a description of the facts.

This was an action of general assumpsit; plea, the general issue, and trial by jury at the May Term, 1888, Ross, J., presiding.

The plaintiff sought to recover the amount due for a quantity of hemlock bark, sold to the defendant at an agreed price per cord, to be measured upon the cars and shrunk according to a certain rule. The question was as to the quantity of bark. The bark had been delivered in the yard, and had there become mingled with other bark. In order to show the quantity of bark, the plaintiff introduced evidence of what the quantity delivered measured in the pile, which was more than that accounted for by the car measurement.

Thereupon, as tending to show that the bark had all been accounted for, the defendant offered to show by persons of large experience in the similar handling of hemlock bark, what percent an average lot would shrink in being loaded into the cars, and shrunk according to the rule in this case.

To this testimony the plaintiff objected, and the same was excluded by the court. Exceptions by the defendant.

*Lamb & Tarbell* and *J. J. Wilson*, for the defendant.

Where skill and judgment are necessary to the forming of a correct opinion, or the question involved does not lie within the range of common experience, or common knowledge, expert testimony is admissible. Rog. Exp. ss. 5, 119, 124, 125, 126, 127; Stark. Ev. 153; *Bemis* v. *Railroad Co.*, 58 Vt. 636; *Dean* v. *McLean*, 48 Vt. 412; *Clifford* v. *Richardson*, 18 Vt. 620; *Mayor, etc.* v. *O'Neill*, 1 Pa. St. 342; *Wabash, St. Louis & P. Ry.* v. *Pratt*, 15 Ill. 177.

*Davis & Enright*, for the plaintiff.

The ruling of the court excluding the expert testimony was correct; first, because the court had not found the fact of their being experts; and second, because there was no evidence in the case tending to show that these witnesses had ever seen the bark in question, and it cannot be said that all bark is alike. Rog. Exp. p. 22, 23, etc.; *People* v. *Rector*, 19 Wend. 576; *Melvin* v. *Bullard et al.*, 35 Vt. 268; *Haynes* v. *Burlington*, 38 Vt. 350; *Wright* v. *Williams' Est.*, 47 Vt. 232.

The opinion of the court was delivered by

VEAZEY, J. The plaintiff sold the defendant a quantity of bark, delivered it upon the railroad grounds, and measured it. It was then loaded into the cars and measured by the defendant. The measurements did not agree. The defendant offered to show, by an expert, how much an average lot of bark, drawn and piled on the ground and measured, would shrink when loaded upon the cars. The court ruled that expert testimony was not admissible. Was such ruling error? There certainly was, in fact, just as much bark on the cars as there was on the ground; it was the identical bark, in both places, and the difference in cubic feet, between the measurement of it when on the ground, and the measurement of it in the cars, if any, would depend upon how closely the bark was packed in the respective places. That fact could be described by the witnesses and the jury could judge of the shrinkage as well as an expert and were as competent to form an opinion upon the facts shown, as the most accomplished expert. We do not say but that a question might arise in the packing of bark, where expert testimony would be admissible; but upon the facts disclosed by the record in this case we think that in the ruling below there was no error. The other question raised by the exceptions is waived.

*Judgment affirmed.*